**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | |
|---|---|
| **ERR CONTENT IP, LLC,** | |
| *Plaintiff,* | **C.A. No. 1:25-cv-09450-JPO** |
| **v.** | **JURY TRIAL DEMANDED** |
| **NFL ENTERPRISES, LLC,** | |
| *Defendant.* | |

**MEMORANDUM OF LAW IN SUPPORT OF NFL ENTERPRISES, LLC's
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

4902-5961-7165

## TABLE OF CONTENTS

I.      Preliminary Statement...................................................................................................... 1

II.     Factual Allegations ......................................................................................................... 3

III.    Legal Standard ................................................................................................................ 5

IV.     Argument ......................................................................................................................... 6

      A.      The FAC Fails to State a Plausible Claim of Direct Infringement. ........................ 6

            1.      The FAC Fails to Allege Facts Supporting that NFLE Makes, Uses, Offers to Sell, Sells, or Imports Infringing Functionality............................ 6

            2.      The FAC's Divided Infringement Allegations Fail as a Matter of Law. ..................................................................................................... 8

      B.      The FAC Fails to State a Plausible Claim of Indirect Infringement. ..................... 10

V.      Conclusion ..................................................................................................................... 11

4902-5961-7165

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AK Meeting IP, LLC v. Epic Games, Inc.*,
    No. 1:23-cv-08214-GHW, 2024 WL 4299686 (S.D.N.Y. Sept. 26, 2024) ..............................5

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)..............................................................................................8

*Alexandre v. Alcon Lab'ys, Inc.*,
    No. 7:22-cv-08859-PMH, 2024 WL 623707 (S.D.N.Y. Feb. 14, 2024) ................................5

*ASARCO LLC v. Goodwin*,
    756 F.3d 191 (2d Cir. 2014)....................................................................................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................................5

*Aubrey v. New Sch.*,
    624 F. Supp. 3d 403 (S.D.N.Y. 2022)......................................................................................7

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................................5, 6

*EscapeX IP, LLC v. Google LLC*,
    159 F.4th 1360 (Fed. Cir. 2025) ............................................................................................2

*Exch. Listing, LLC v. Inspira Techs., Ltd.*,
    661 F. Supp. 3d 134 (S.D.N.Y. 2023)......................................................................................5

*Golden v. NBCUniversal Media, LLC*,
    688 F. Supp. 3d 150 (S.D.N.Y. 2023)......................................................................................7

*Linfo IP, LLC v. Aero Glob., LLC*,
    No. 1:24-cv-02952-JPO, 2025 WL 2924439 (S.D.N.Y. Oct. 15, 2025)..................................1

*Mason v. Am. Tobacco Co.*,
    346 F.3d 36 (2d Cir. 2003).......................................................................................................6

*mCom IP, LLC v Cisco Systems, Inc.*,
    No. 6:22-cv-00261-ADA, Dkt. No. 78 (W.D. Tex. Dec. 18, 2025) ....................................1, 2

*Richardson v. Adobe, Inc.*,
    No. 1:22-cv-07114-PGG, 2024 WL 4135347 (S.D.N.Y. Sept. 10, 2024)........................10, 11

*Weisner v. Google LLC*,
    No. 1:20-cv-02862-AKH, 2021 WL 6424921 (S.D.N.Y. Jan. 4, 2021)...................................6

**Statutes**

35 U.S.C. § 285...............................................................................................................................2

35 U.S.C. § 286...............................................................................................................................7

4902-5961-7165

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ..............................................................................................................1, 3, 5

FED. R. CIV. P. 15(a)(1)(A) ...............................................................................................................1

4902-5961-7165

Defendant NFL Enterprises, LLC ("NFLE") respectfully moves this Court to dismiss plaintiff Err Content IP, LLC's ("Plaintiff's") First Amended Complaint for Patent Infringement (Dkt. No. 10, "FAC")[1] pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.  PRELIMINARY STATEMENT

The FAC is part of a larger pattern of behavior—a flawed complaint filed with minimal pre-suit investigation and litigation behavior untethered from the merits, driving towards nuisance-value settlements—emblematic of lead counsel Mr. Ramey's[2] patent litigation practice.  In fact, this Court recently examined Mr. Ramey's behavior and found it unreasonable.  *See Linfo IP, LLC v. Aero Glob., LLC*, No. 1:24-cv-02952-JPO, 2025 WL 2924439, at *5 (S.D.N.Y. Oct. 15, 2025) (awarding attorneys' fees to defendant in part due to "Mr. Ramey's long history of litigation abuses" and noting Mr. Ramey "has also been sanctioned repeatedly by numerous courts for, among other things, bringing frivolous lawsuits for the purpose of incentivizing early-stage settlement").  But despite this Court's admonishment, Mr. Ramey continues the same.  Indeed, last year, Judge Albright in the Western District of Texas, a court with a very heavy patent docket, criticized counsel for his "playbook," which "begins when Mr. Ramey files an infringement case with minimal pre-suit investigation," followed by "offer[ing] a nuisance settlement."  *See, e.g.*, *mCom IP, LLC v Cisco Systems, Inc.*, No. 6:22-cv-00261-ADA, Dkt. No. 78, at 4 (W.D. Tex. Dec. 18, 2025).  Judge Albright emphasized that "district courts in California, Texas, and New York

---

[1] Plaintiff filed its original complaint on Nov. 12, 2025, *see* Dkt. No. 1, and the FAC five days later, pre-service, *see* FAC ¶ 1.  Plaintiff has thus exhausted its single matter-of-course amendment. FED. R. CIV. P. 15(a)(1)(A).

[2] Although David Hoffman signed the FAC and is the only attorney to have appeared on Plaintiff's behalf, Mr. Ramey is plaintiff's true lead counsel. Mr. Ramey has been, and continues to be, personally and substantively involved in this litigation, including authorizing extensions, sending settlement communications, and conferring regarding the substantive issues presented in this motion.

4902-5961-7165

[have] sanctioned Mr. Ramey and his associates under [35 U.S.C. § 285] at least nine times." *Id.* at 4-5; *see also, e.g.*, *EscapeX IP, LLC v. Google LLC*, 159 F.4th 1360, 1367-68 (Fed. Cir. 2025) (affirming this Court's $225,000 fee award against the patent owner represented by Mr. Ramey and his law firm for bringing a frivolous patent infringement suit against Google). Frustrated with the egregious behavior, Judge Albright enjoined Mr. Ramey "from filing future complaints in the Western District of Texas asserting a claim of patent infringement without the advance permission from a judge of the Western District of Texas, the Fifth Circuit, or a delegee thereof." *Id.* at 1.

In the present action, Mr. Ramey appears to be following the same playbook criticized by this Court and Judge Albright: the FAC targets functionality that has no connection to the defendant. Plaintiff's claims are deficient as a matter of law; the FAC fails to state a plausible claim against NFLE for at least the following reasons:

**First**, the FAC fails to plead sufficient facts supporting a claim of direct infringement by NFLE because the FAC's infringement allegations rest on (i) out-of-time factual allegations and (ii) third-party functionality, and because the FAC pursues a legal theory of divided infringement that fails as a matter of law. *See* Section IV.A, *infra*.

**Second**, the FAC fails to plausibly allege sufficient facts establishing indirect infringement by NFLE. For the necessary underlying direct infringement, Plaintiff relies only on its faulty direct infringement allegations against NFLE. Plaintiff further fails to allege the specific intent necessary to plead induced infringement. *See* Section IV.B, *infra*.

And like the "playbook" recognized by other courts, Plaintiff's counsel has obstinately refused to address these flaws in earnest, despite NFLE's efforts to discuss in advance of filing this motion. The FAC continues a troubling pattern of baseless litigation conduct that has drawn repeated judicial criticism and sanction across the country and in this District.

4902-5961-7165

Accordingly, NFLE respectfully requests that the FAC be dismissed, with prejudice.

## II.  FACTUAL ALLEGATIONS

In this suit, Plaintiff alleges that NFLE directly infringes United States Patent No. 10,721,542 (Dkt. No. 10-1, "the '542 Patent") by "making, using, testing, selling, offering for sale and/or importing into the United States [NFLE]'s Accused Products," which are defined as the "NFL app system and related systems (*e.g.* https://www.nfl.com/)." FAC ¶¶ 15, 17.  In support, the FAC includes a claim chart that allegedly "describes how the elements of exemplary claim 1 from the '542 Patent are infringed by the Accused Products."  *Id.* ¶ 22; *see also* Dkt. No. 10-2 ("Claim Chart").  Based on these direct infringement allegations, Plaintiff further alleges that NFLE "has and continues to induce infringement" and "contributorily infringe" the '542 Patent. *Id.* ¶¶ 23-24.

The claims of the '542 Patent describe methods by which "main content" is displayed on a first device while "extra content" is simultaneously displayed on a second device.  *See* '542 Patent at Abstract.  The Claim Chart purports to describe how the elements of Claims 1, 3, 4, and 6 of the '542 Patent are practiced by the Accused Products (the "NFL app system and related systems").[3] Independent Claim 1 recites a multi-step method including the following relevant steps:[4]

1. **Receiving:** A first device receives from a first source main content and metadata linking the main content to extra content, and displays the main content.  *See* '542 Patent at Cl. 1.

---

[3] The Court may consider the Claim Chart because a court's review under Rule 12(b)(6) may include appropriate documents outside the pleadings, such as "any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies."  *ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014) (internal quotation marks omitted).

[4] This motion focuses on independent Claim 1 because each of the other charted claims depends from that claim; failing to state a claim with respect to Claim 1 defeats Plaintiff's remaining claims.

4902-5961-7165

2. **Forwarding:** A second device scans for forwarded metadata, receives extra content from a second source, and displays the extra content. *See* '542 Patent at Cl. 1.

3. **Selection:** A command key at the first device "is selected," which causes a confirmation or input to be received at the second device from the first device and further causes the second device to display new extra content. *See* '542 Patent at Cl. 1.

For every limitation of Claim 1, the Claim Chart pastes in a single screenshot from a YouTube video, with different red-box annotations and commentary:



<https://www.youtube.com/watch?v=eVQS0ol_0fw> 2018-11-25

**Claim Chart at 5-33, 35, 37-38, 40-41 ("Smart View Screenshot")**

The YouTube video, posted on Nov. 25, 2018, features a user casting the screen of his smartphone from a mobile device to television. *See How to Stream / Watch The NFL Mobile App*

-4-

4902-5961-7165

*To TV – 2019*, YouTube (Nov. 25, 2018) at 0:32-0:52, *available at* https://www.youtube.com/watch?v=eVQS0ol_0fw (hereinafter the "Smart View Video").[5] To access that screen casting functionality, the user pulls down a menu of his smartphone, stating "You go to your regular, you scroll over, go to Smart View," swipes over, and selects "Smart View," and then interacts with a "Smart View" side menu and main menu, which is shown in the Smart View Screenshot. *Id*. at 0:32-0:50.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In patent cases, a plaintiff must raise "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021); *see also AK Meeting IP, LLC v. Epic Games, Inc.*, No. 1:23-cv-08214-GHW, 2024 WL 4299686, at *6-*9 (S.D.N.Y. Sept. 26, 2024) (granting defendant's motion to dismiss claims of patent infringement because plaintiff's amended complaint merely "parroted the claim language" and offered only "conclusory allegations" in support of its claims). Further, while courts must generally accept as true well-pleaded factual allegations in a complaint, *Iqbal*, 556 U.S. at 679, that presumption does not apply to allegations contradicted by facts of which the court takes judicial notice. *See Exch. Listing, LLC v. Inspira Techs., Ltd.*, 661 F. Supp. 3d 134, 143

---

[5] The Court may further consider the entirety of the Smart View Video because it is incorporated into the Claim Chart, and a court may take judicial notice of facts that are "capable of accurate and ready determination" from "sources whose accuracy cannot be reasonably questioned," including publicly available information found on a website. *Alexandre v. Alcon Lab'ys, Inc.*, No. 7:22-cv-08859-PMH, 2024 WL 623707, at *3 (S.D.N.Y. Feb. 14, 2024) (citing Fed. R. Evid. 201).

4902-5961-7165

(S.D.N.Y. 2023) (stating that "a court may also consider facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence and disregard allegations in a complaint that contradict or are inconsistent with judicially-noticed facts") (internal quotation marks omitted). Nor does it apply to threadbare conclusions of law. *See Mason v. Am. Tobacco Co.*, 346 F.3d 36, 39 (2d Cir. 2003) (holding that "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness") (internal quotation marks omitted).

## IV. ARGUMENT

### A. The FAC Fails to State a Plausible Claim of Direct Infringement.

#### 1. The FAC Fails to Allege Facts Supporting that NFLE Makes, Uses, Offers to Sell, Sells, or Imports Infringing Functionality.

To survive a motion to dismiss, at an absolute minimum, Plaintiff must "plausibly allege that the accused product practices each of the limitations found in at least one asserted claim." *Weisner v. Google LLC*, No. 1:20-cv-02862-AKH, 2021 WL 6424921, at \*1 (S.D.N.Y. Jan. 4, 2021) (internal quotation marks omitted). This requires Plaintiff to plead "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC*, 4 F.4th at 1353.

The FAC's direct infringement allegations rely entirely on the Smart View Video to suggest that the Accused Products perform the claimed method of "providing a main content and an extra content to a user"—e.g., casting content from a first device (smartphone) to a second device (television) ("Accused Casting Functionality"). *See* Claim Chart at 5-33. But the Smart View Video does not plausibly demonstrate direct infringement by NFLE.

### i.    Plaintiff Fails to Allege Facts During an Actionable Time Period.

As a threshold matter, NFLE notes that the Smart View Video was posted on November 25, 2018, more than six years prior to the filing of Plaintiff's original complaint on November 12, 2025, and is thus outside the six-year statutory damages window.  *See* 35 U.S.C. § 286 ("[N]o recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.").  The FAC pleads nothing to connect the Smart View Video to any functionality inside the damages window, and therefore fails to allege facts that could result in liability.

### ii.    Plaintiff Fails to Allege Facts Showing NFLE Made, Used, Sold, Offered for Sale, or Imported the Accused Casting Functionality.

A brief review of the Smart View Video confirms no NFLE application functionality provides the Accused Casting Functionality.  To perform the Accused Casting Functionality, the user does not interact with the NFL app displayed, but instead interacts with Smart View menus and software native to the device itself.  *See* Smart View Video at 0:32-0:50.  Smart View appears to be proprietary Samsung functionality that enables the user to cast media content from mobile devices to supported Samsung Smart TV models.  *See Smart View*, SAMSUNG (Nov. 25, 2018), *available at* https://web.archive.org/web/20181125080635/https://www.samsung.com/us/support/owners/app/smart-view.[6]

The Smart View Video happens to display an NFL application, but critically, Accused Casting Functionality operating in the exact same manner as the Smart View Video is available to

---

[6] The Court may take judicial notice of publicly available online materials, including those archived via the Wayback Machine.  *See Aubrey v. New Sch.*, 624 F. Supp. 3d 403, 408 (S.D.N.Y. 2022) (finding that courts "may 'take judicial notice of [. . .] publicly available information' via the Wayback Machine"); *see also Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 165 n.14 (S.D.N.Y. 2023) (taking judicial notice of an archived webpage "consistent with [the defendant's] representation" of the website).

4902-5961-7165

users without any NFL application at all.  *See, e.g.*, *How to Screen Mirror Your Phone to TV |*

*Samsung Smart View Native Feature*, YOUTUBE (Feb. 18, 2018), *available at*

https://www.youtube.com/watch?v=mWzzGASoeiU (without using an NFL application, a user

demonstrating the exact same steps of pulling down a device menu, swiping, selecting "Smart

View," and casting the mobile device screen on a television).  In other words, no product or service

of NFLE provides the functions complained of.  The FAC clearly takes issue with Smart View

itself, not any product or service of NFLE.

On its own terms then, the FAC's allegations fail to support that NFLE makes, uses, offers

to sell, sells, or imports the Accused Casting Functionality, and it should therefore be dismissed.[7]

### 2.  The FAC's Divided Infringement Allegations Fail as a Matter of Law.

Where, as here, a plaintiff asserts only method claims, it is axiomatic that the plaintiff must

allege facts showing that "all steps of a claimed method are performed by or attributable to a single

entity."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).

Claim 1 of the '542 Patent clearly requires multiple entities to perform its steps.  Specifically,

under Plaintiff's theory relying on the Smart View Video, certain claim limitations are alleged to

be performed at different locations requiring at least three different entities:

---

[7] NFLE provided Plaintiff with notice that the FAC accuses non-NFLE functionality, as well as the issues regarding divided infringement discussed in Section IV.A.2, *infra*.  In response, Plaintiff provided a draft Second Amended Complaint that substituted the Smart View Screenshot and Smart View Video for a new screenshot showing an iPhone interface and an Apple AirPlay menu, and included an additional statement that "[a]ll Casting functionality to the user is provided by single entity 'NFL App', which does not require multiple entities to perform its steps."  *See, e.g.*, Declaration of Hilary L. Preston, Ex. 1 at 4, 5-8.  Because it is not clear that the new screenshot demonstrates NFLE functionality, and because the statement regarding "multiple entities" is contradicted by the plain terms of Plaintiff's allegations, the draft Second Amended Complaint does not resolve the issues addressed herein.

4902-5961-7165

| Claim Language | Allegation |
|---|---|
| *1. Receiving Step (First Device)* | |
| receiving a specific main content and metadata from a first source and displaying said specific main content on a first device, wherein said metadata and said specific main content are broadcasted together from the first source, and wherein said metadata links said specific main content with an extra content;<br><br>'542 Patent at Cl. 1. | "For example, the NFL App receives a video on a smartphone, along with data about the video, such as 'Pittsburgh Steelers at Denver Broncos,' from media on the smartphone. The app displays this video on a first device (the smartphone).  The video and its associated data are broadcast together from the media on the smartphone, and the data links the video on the smartphone to a corresponding video on a TV."  Claim Chart at 5. |
| *2. Forwarding Step (Second Device)* | |
| forwarding said metadata to a second device, wherein:<br><br>    the forwarding of said metadata is executed by scanning said metadata by said second device,<br><br>    the second device receives said extra content from a second source, and<br><br>    said specific main content is displayed on said first device while said extra content is displayed on said second device;<br><br>'542 Patent at Cl. 1. | "For example, the NFL App sends the information about the video — 'Pittsburgh Steelers at Denver Broncos' — from the smartphone to another device (like a TV)." Claim Chart at 9.<br><br>"For example, the NFL App allows the second device (such as a TV) to receive the video information — 'Pittsburgh Steelers at Denver Broncos' — by scanning or detecting that information sent from the smartphone."  Claim Chart at 11.<br><br>"For example, the NFL App allows the second device (the TV) to play the video it receives directly from its own media source, such as a streaming service or broadcast channel."  Claim Chart at 13.<br><br>"For example, the NFL App shows the video on the smartphone (the first device) at the same time that the same video is playing on the TV (the second device)."  Claim Chart at 16. |
| *3. Selection Step (User)* | |
| wherein the confirmation or input is initially received at a command key of the first device, which is displaying the specific main content, such that the first device's command key, when selected, provides the confirmation or input and further causes the second device to display the new extra content.<br><br>'542 Patent at Cl. 1. | "For example, in the NFL App, the NFL+ Premium support 'casting' for certain content is first activated when the user on the smartphone selects 'Choose where to show your phone's screen or play content.' The smartphone is displaying the video at that time. By selecting this option, the NFL+ Premium casting command is sent, which causes the TV (the second device) to display the new video."  Claim Chart at 28. |

-9-

4902-5961-7165

Thus, the FAC alleges at least three separate entities who perform claim steps: the smartphone running the NFL App (receiving, displaying, and forwarding information), *see* Claim Chart at 5, 9; the user's television (receiving video, scanning or detecting information sent from the smartphone, playing video received from a second source, and receiving a casting command from the smartphone), *see id.* at 9, 11, 13, 16, 24; and the user (selection options and causing commands to be sent), *see id.* at 11, 13, 20, 22, 24. The FAC alleges that the "NFL App allows," is "set up," or "works" such that certain steps can happen on the television, *see id.* at 11, 13, 20, 22, 24; critically, it does not allege that the NFL App or NFLE performs any of those steps. And the FAC clearly alleges that the user, not NFLE, selects certain options. *See id.* at 28. Accordingly, under the FAC's theory, as alleged, no single entity, let alone NFLE, performs or is responsible for each step of Claim 1. And if "performance of all the claimed steps cannot be attributed to a single person, . . . direct infringement never occurred." *Richardson v. Adobe, Inc.*, No. 1:22-cv-07114-PGG, 2024 WL 4135347, at *11 (S.D.N.Y. Sept. 10, 2024) (quoting *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921, 134 S. Ct. 2111, 189 L. Ed. 2d 52 (2014)). Thus, the FAC fails on its own terms.

For the above reasons, the FAC's direct infringement claims should be dismissed.

**B. The FAC Fails to State a Plausible Claim of Indirect Infringement.**

The FAC purports to plead both induced infringement and contributory infringement. FAC ¶¶ 23-24. "It is [also] axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'" *See Richardson*, 2024 WL 4135347, at *11 (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012)) (alterations in original). In each case the FAC relies only on "direct infringement . . . previously alleged" in the FAC. FAC ¶¶ 23-24. There are no independent allegations of direct infringement, except those against the NFLE, and, as addressed above, those allegations are

-10-

insufficient as a matter of law.  Accordingly, the FAC's indirect infringement allegations must fail as well, for lacking a sufficient underlying act of direct infringement.

Further, the FAC's induced infringement allegations are also faulty for failure to plead a necessary element.  Induced infringement requires a showing that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."  *Richardson*, 2024 WL 4135347, at *11 (internal quotation marks omitted).  The FAC alleges that NFLE "actively encouraged or instructed others . . ., and continues to do so, on how to use its products and services . . . such as to cause infringement." FAC ¶¶ 23-24.  Plaintiff wholly fails to allege any specific intent and has therefore failed to properly allege induced infringement as a matter of law.

Accordingly, the FAC's indirect infringement claims should be dismissed.

## V.  CONCLUSION

For the foregoing reasons, NFLE respectfully requests that the Court dismiss the FAC against NFLE for failure to state a claim upon which relief can be granted.

-11-

-12-

Dated:  February 19, 2026

Respectfully submitted,

*/s/ Hilary L. Preston*
Hilary L. Preston
New York Bar No. 4209516
VINSON & ELKINS L.L.P.
The Grace Building
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Telephone:  (212) 237-0129
Email:  hpreston@velaw.com

Erik Shallman (*pro hac vice forthcoming*)
Texas Bar No. 24113474
Brittany B. Silvester (*pro hac vice forthcoming*)
Texas Bar No. 24150197
VINSON & ELKINS L.L.P.
200 West 6th Street, Suite 2500
Telephone: (512) 542-8400
Austin, TX  78701
Email:  eshallman@velaw.com
Email:  bsilvester@velaw.com

**ATTORNEYS FOR DEFENDANT
NFL ENTERPRISES, LLC**

4902-5961-7165

-13-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing on February 19, 2026, via the Court's CM/ECF System.

*/s/ Hilary L. Preston*
Hilary L. Preston

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(c)

Pursuant to Local Rule 7.1(c), counsel for NFLE certifies that the foregoing is 3468 words and does not exceed 8750 words.

*/s/ Hilary L. Preston*
Hilary L. Preston

4902-5961-7165