**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ERR CONTENT IP, LLC,**<br>***Plaintiff,***<br>**v.**<br>**NFL ENTERPRISES, LLC,**<br>***Defendant.*** | **25-CV-9450 (JPO)**<br>**PROTECTIVE ORDER** |

J. PAUL OETKEN, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal;

WHEREAS, this is an action for patent infringement in which discovery is expected to include highly sensitive technical, financial, and licensing information, including computer source code, the disclosure of which beyond the limits set forth herein would cause competitive harm to the producing person or to third parties, and which therefore warrants multiple tiers of protection; and

WHEREAS, in light of these acknowledgments, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts, and consultants,

all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to the terms of this Protective Order (hereinafter, collectively and regardless of tier, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Confidential Discovery Material shall also be considered Confidential Discovery Material at the same tier and treated as such under this Protective Order. Unless a provision of this Protective Order refers to a specific tier, references to Confidential Discovery Material include material designated at any tier.

2. The person producing any given Discovery Material may designate as CONFIDENTIAL any portion of such material that the producing person in good faith believes contains confidential, commercially sensitive, or proprietary information or trade secrets of the producing person, or of a third party to whom the producing person reasonably believes it owes an obligation of confidentiality, and the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed.

3. To the extent a producing person believes that certain Discovery Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation—including without limitation non-public technical information, non-public financial and licensing information, and non-public business strategy—the producing person may designate such material "RESTRICTED – ATTORNEYS' EYES ONLY." To the extent such Discovery Material includes computer source code, object code, scripts, hardware description language, and/or live data (that is, data as it exists residing in a database or databases), or documents that reproduce or describe source code at a comparable level of detail (collectively, "Source Code Material"), the producing person may designate such material "RESTRICTED CONFIDENTIAL SOURCE CODE." A producing person shall designate material at either of these tiers only upon a good-faith belief that the designation is warranted.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as CONFIDENTIAL, RESTRICTED – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE by stamping or otherwise clearly marking

each page of the document with the applicable legend in a manner that will not interfere with legibility or audibility. Documents produced in native format may be designated by including the applicable legend in the file name or on an accompanying slip sheet. Source Code Material made available for inspection pursuant to paragraph 12 shall be treated as RESTRICTED CONFIDENTIAL SOURCE CODE without further marking. Discovery Material not reduced to documentary, tangible, or physical form, or that cannot be conveniently designated, may be designated by informing the receiving Party of the designation in writing.

5. With respect to deposition and hearing transcripts, a producing person or that person's counsel may designate such portion as Confidential Discovery Material at any tier either by (a) indicating on the record during the deposition or hearing that a question calls for information so designated, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" together with the applicable tier; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition or hearing has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated and the applicable tier, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel. During the thirty (30)-day period following the conclusion of a deposition or hearing, the entire transcript will be treated as if it had been designated RESTRICTED – ATTORNEYS' EYES ONLY.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation, or at a lower tier than warranted, should be designated as Confidential Discovery Material or at a higher tier, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as so designated under the terms of this Protective Order. Inadvertent or unintentional production of Discovery Material without designation, or at a lower tier, shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Upon receiving such notice, the receiving Party shall (a) treat the material according to its new designation; (b) make reasonable efforts to retrieve the material, and any information derived from it, from any person not authorized to receive it under the new designation, and inform such persons of the new designation; and (c) upon the producing person's request and provision of properly designated replacement copies, destroy all copies of the improperly designated material and confirm in writing within two (2) business days that it has done so.

7. Any document produced before entry of this Protective Order with the designation "Confidential," "Confidential – Attorneys' Eyes Only," "Confidential – Outside Attorneys' Eyes Only," or the like shall receive the same treatment as if designated RESTRICTED – ATTORNEYS' EYES ONLY under this Protective Order, unless and until such document is re-designated to have a different classification under this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as CONFIDENTIAL to any other person whomsoever, except to:

(a) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in the litigation of this action;

(b) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

(c) the Parties' insurers and counsel to their insurers, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) outside counsel of record for the Parties in this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(e) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, jury or trial consulting services (including mock jurors who have signed a confidentiality agreement), interpreters or translators who have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system; provided, however, that no person who is a Party, or a director, officer, managing agent, or employee of a Party or of a Party's competitor, may be retained within the meaning of this subparagraph;

(f) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action who is not a current or anticipated employee, officer, director, or affiliate of a Party or of a Party's competitor, together with such person's support staff assigned to and reasonably necessary to assist in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and has been approved pursuant to paragraph 10;

(i) stenographers and videographers engaged to transcribe or record depositions conducted in this action; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(b), 8(c), 8(e) (as to interpreters and translators), 8(f), or 8(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first, except that the Non-Disclosure Agreement of any person referred to in subparagraph 8(h) shall be served before any disclosure as provided in paragraph 10.

10. Before any Confidential Discovery Material is disclosed to a person referred to in subparagraph 8(h), the Party seeking to make the disclosure shall serve on the producing person that person's signed Non-Disclosure Agreement together with: (a) a current curriculum vitae; (b) the person's full name and the city and state of his or her primary residence; (c) the person's current employer(s); (d) each person or entity from whom the person has received compensation or funding for work in his or her areas of expertise, or to whom the person has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years, and the party to the litigation for whom such work was done; (e) by name and number of the case, filing date, and court, any litigation in connection with which the person has offered testimony, including by declaration, report, or testimony at deposition or trial, during the preceding five (5) years; and (f) any patents or patent applications in which the person is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. If the person believes any of this information is subject to a confidentiality obligation to a third party, the person shall provide whatever information can be disclosed without violating that obligation, and the Party seeking disclosure shall be available to meet and confer with the producing person regarding the remainder. The producing person shall have ten (10) business days from service to object in writing to the disclosure. The Parties shall promptly confer in good faith to resolve any objection. If they are unable to do so, the objecting person may seek relief from the Court in accordance with the Court's Individual Rules and Practices in Civil Cases within fifteen (15) days of service of the objection, or within such other time as the Parties may agree, and shall bear the burden of showing why the disclosure should not be permitted. No disclosure shall be made until the time to object has expired or any objection has been resolved by agreement or Court order.

11. Discovery Material designated RESTRICTED – ATTORNEYS' EYES ONLY may be disclosed only to the persons listed in subparagraphs 8(a) and 8(d) through 8(j), subject to the conditions stated therein; provided, however, that disclosure to in-house counsel under subparagraph 8(a) shall be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the Party.

12. For Discovery Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) Access to Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be a thin client, utilize a remote desktop, or be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing person's outside counsel or its vendors. The producing person will accommodate reasonable requests to provide the stand-alone

computer at one of the foregoing locations within fifty (50) miles of a receiving Party's requested location. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system) is prohibited while accessing the computer containing the Source Code Material. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing person may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor those activities from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing person may not record (visually, audibly, or by other means) the activities of the receiving Party's representatives;

(b) The receiving Party shall make reasonable efforts to restrict its requests for access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time at the location of the stand-alone computer(s), Monday through Friday (excluding federal holidays). However, upon reasonable notice from the receiving Party, the producing person shall make reasonable efforts to accommodate the receiving Party's request for access outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing person's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action;

(c) The producing person shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material;

(d) The producing person will produce Source Code Material in computer-searchable format on the stand-alone computer(s) as described above;

(e) Access to Source Code Material shall be limited to outside counsel of record and up to three (3) outside consultants or experts approved to access such material pursuant to paragraph 10. For purposes of this subparagraph, an outside consultant or expert includes his or her direct reports and other support personnel, such that disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as disclosure to a single consultant or expert. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collectively, "Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's Individual Rules and Practices in Civil Cases and this Protective Order;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source

Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in subparagraph 12(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing person, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically;

(h) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, not to exceed twenty-five (25) consecutive pages or two hundred (200) pages in total absent agreement of the producing person or leave of Court, and only to the extent reasonably necessary for the preparation of court filings, expert reports, or deposition or trial exhibits, and not for the purpose of reviewing Source Code Material in the first instance elsewhere than on the stand-alone computer(s). All printouts and photocopies shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied, which it shall produce to the producing person upon request. The producing person may object to any printing request as excessive within three (3) business days, and pending resolution of the objection the disputed pages shall not be provided;

(i) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(k) A producing person's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under subparagraph 12(e) above to another person authorized under subparagraph 12(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in subparagraph 12(j) above and is at all times subject to the transport restrictions set forth herein. For those purposes only, the Source Code Material may be loaded onto a stand-alone computer.

13. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive Discovery Material of another Party or of a Third Party that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively, "Highly Sensitive Material"),

who obtains, receives, has access to, or otherwise learns, in whole or in part, such Highly Sensitive Material under this Protective Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one (1) year after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes drafting, amending, or proposing the drafting or amendment of original, substitute, or amended claims in any reissue, ex parte or inter partes reexamination, inter partes review, post-grant review, or other post-grant proceeding before the United States Patent and Trademark Office, provided, however, that nothing in this paragraph prevents any person from participating in any such proceeding challenging the validity of any patent, or from representing a patent owner in such a proceeding so long as that person does not draft, amend, or propose the drafting or amendment of claims. For clarity and by way of example, this paragraph permits counsel for Plaintiff to participate in Reexamination Control No. 90/019,787 of U.S. Patent No. 10,721,542 and Appeal No. 2026-001973 before the Patent Trial and Appeal Board, and any request for rehearing, remand, further proceedings, or appeal therein, **provided that** such counsel does not draft, amend, or propose the drafting or amendment of claims therein after having obtained, received, had access to, or otherwise learned, in whole or in part, any Highly Sensitive Material. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Highly Sensitive Material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, engage in prosecution as defined in this paragraph, pertaining to the field of the invention of the patents-in-suit, including in the proceedings identified above.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any Confidential Discovery Material in taking testimony at any deposition or hearing, provided that the Confidential Discovery Material is disclosed only to a person who is: (i) eligible to have access to it by virtue of his or her employment with the producing person; (ii) identified in the material as an author, addressee, or copy recipient of such information; (iii) a person who, although not so identified, has in the ordinary course of business seen such material; (iv) a current or former officer, director, or employee of the producing person or of a company affiliated with the producing person; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 11 and, as to Source Code Material, subparagraph 12(e)); (vi) an expert or consultant approved pursuant to paragraph 10 (and, as to Source Code Material, subject to subparagraph 12(e)); (vii) a court reporter or videographer; (viii) the Court; or (ix) another person entitled hereunder to access such material. Confidential Discovery Material shall not be disclosed to any other person at a deposition or hearing unless prior authorization is obtained from counsel representing the producing person or from the Court.

15. Any Party who objects to any designation of confidentiality or tier may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases. The designating person shall bear the burden of showing that its designation is proper. Pending the Court's resolution of the dispute, the material shall continue to be treated as designated.

16. Any Party who requests additional limits on disclosure beyond those provided in this Protective Order may at any time prior to the trial of this action serve upon counsel for the

receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

17. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of receiving the request, the Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor that Party seeks a protective order or other relief from this Court within twenty-one (21) days of that notice, that Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

18. To the extent that discovery is taken of persons who are not Parties to this action ("Third Parties"), such Third Parties may designate Discovery Material they produce, or testimony they give, at any tier under this Protective Order and shall have the protections of this Protective Order; a Third Party's use of this Protective Order does not entitle it to access Confidential Discovery Material produced by any Party. Third Parties shall have ten (10) days after production to make such a designation, and until that period lapses or a designation is made, whichever occurs sooner, all Discovery Material produced by a Third Party shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY. A Party that receives documents from a Third Party pursuant to a subpoena shall reproduce them to all other Parties within five (5) business days of receipt.

19. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose, or in connection with any other litigation, patent prosecution, or proceeding before the United States Patent and Trademark Office. All other Discovery Material, whether or not designated, shall likewise be used solely for purposes of this action. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

20. Nothing in this Protective Order shall preclude or impede outside counsel of record from communicating with or advising their client in connection with this action based on such counsel's review and evaluation of Confidential Discovery Material, provided that such communications or advice shall not disclose or reveal the substance or content of any Confidential Discovery Material other than as permitted under this Protective Order.

21. Nothing in this Protective Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this action of any material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, whether inadvertent or otherwise, shall not constitute a waiver of such

privilege or protection in this action or in any other federal or state proceeding. A producing person may request the return or destruction of such material by notifying the recipient(s) in writing and providing a privilege log for the material. Within two (2) business days of such notice, the recipient(s) shall gather and destroy or return all copies of such material, including any pages bearing the recipient's notes, and shall confirm in writing to the producing person that it has done so. A receiving Party that discovers material that appears on its face to be privileged or work product and to have been inadvertently produced shall promptly sequester the material and notify the producing person. Nothing herein precludes a receiving Party from challenging a claim of privilege in accordance with the Court's Individual Rules and Practices in Civil Cases, but in doing so it shall not use or disclose the content of the material beyond what is reflected on the privilege log.

22. No privileged communications, information, or attorney work product that was created or conveyed on or after the filing of the complaint in this action need be identified on a privilege log, except as otherwise agreed by the Parties or ordered by the Court.

23. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) business days before any disclosure, together with a copy of the subpoena or request, and will promptly inform the requesting entity that the material is subject to this Protective Order and provide it with a copy of this Protective Order. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so. If the producing person timely seeks a protective order or other relief, the person receiving the request shall not produce any Confidential Discovery Material before a determination by the court or agency from which the request issued, unless the producing person consents in writing or production is otherwise required by law.

24. All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

25. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential Discovery Material. The Parties shall meet and confer in good faith before any trial or evidentiary hearing regarding procedures for the use of Confidential Discovery Material, including any request to limit public access during the presentation of Source Code Material, and shall present any disputes to the Court.

26. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

27. Each person who has access to Discovery Material that has been designated as Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

28. If Confidential Discovery Material is disclosed to any person other than as authorized by this Protective Order, the Party responsible for the disclosure shall, immediately upon learning of it, inform the producing person of all pertinent facts, including the material disclosed and the identity of each unauthorized recipient, and shall promptly take all reasonable measures to retrieve the material and prevent further disclosure, including informing each unauthorized recipient of this Protective Order and requesting that the recipient execute the Non-Disclosure Agreement. Any Party believing that another person is violating or intends to violate this Protective Order may, after raising the matter with that person, move the Court for appropriate relief, including injunctive relief, and pending disposition of the motion the person alleged to be in violation shall not undertake the conduct alleged to constitute the violation.

29. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

30. This Protective Order shall survive the termination of the litigation. Within sixty (60) days after the final disposition of this action, including any appeals, all Confidential Discovery Material and all copies thereof shall at the receiving Party's election be returned to the producing person or destroyed, and the receiving Party shall certify the return or destruction in writing to the producing person. Notwithstanding the foregoing, outside counsel of record may retain archival copies of court papers; trial, deposition, and hearing transcripts and exhibits; expert reports; correspondence; consultant work product; and attorney work product (but not document productions), even if such materials contain Confidential Discovery Material, provided that such materials remain subject to this

Protective Order. No person may retain Source Code Material, including any printouts or photocopies thereof, or any Source Code Document to the extent it reproduces Source Code Material, other than as filed with the Court.

31. The entry of this Protective Order and the production of Discovery Material hereunder shall not constitute a waiver of any objection to the furnishing thereof, all such objections being preserved, nor of any Party's right to assert any applicable discovery or trial privilege. Production of Confidential Discovery Material shall not be deemed a publication that voids or makes voidable any claim as to its proprietary or confidential nature. Any Party may move the Court to modify this Protective Order, including to permit disclosure to additional persons or to obtain additional protection. This Protective Order is binding upon the Parties and their counsel, successors, assigns, subsidiaries, divisions, employees, agents, and other persons or organizations over which they have control.

32. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 27, 2026

Respectfully submitted,

*/s/ David J. Hoffman (w/ permission)*
David J. Hoffman
6576 Milestrip Road
Orchard Park, New York 14127
Telephone: (917) 701-3117
Email: djhoffman@djhoffmanlaw.com

William P. Ramey, III (*admitted pro hac vice*)
Texas State Bar No. 24027643
Ramey L.L.P.
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Email: wramey@rameyfirm.com

**ATTORNEYS FOR PLAINTIFF ERR CONTENT IP, LLC**

*/s/ Hilary L. Preston*
Hilary L. Preston
New York Bar No. 4209516
VINSON & ELKINS L.L.P.
The Grace Building
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Telephone: (212) 237-0129
Email: hpreston@velaw.com

Erik Shallman (*admitted pro hac vice*)
Texas Bar No. 24113474
Brittany B. Silvester (*admitted pro hac vice*)
Texas Bar No. 24150197
VINSON & ELKINS L.L.P.
200 West 6th Street, Suite 2500
Austin, TX 78701
Telephone: (512) 542-8400
Email: eshallman@velaw.com
Email: bsilvester@velaw.com

**ATTORNEYS FOR DEFENDANT NFL ENTERPRISES, LLC**

IT IS SO ORDERED.

Dated: October 28, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ERR CONTENT IP, LLC,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**NFL ENTERPRISES, LLC,**<br><br>***Defendant.*** | **25-CV-09450 (JPO)**<br><br>**NONDISCLOSURE AGREEMENT** |

I,______________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as CONFIDENTIAL, RESTRICTED – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, that I will use it solely for purposes of this litigation, and that I will comply with all provisions of the Protective Order applicable to me, including, if I receive Highly Sensitive Material, the patent prosecution restrictions of paragraph 13, and that within sixty (60) days after the final disposition of the litigation I will destroy all Confidential Discovery Material in my possession, including all Source Code Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

My address is: ________________________________________________

My current employer is: ________________________________________

My current occupation is: ______________________________________

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __________________ Signed: ___________________________________